UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELLEN BELCHIC HUTCHINSON                    CIVIL ACTION

v.                                          13-5513

JPMORGAN CHASE BANK, N.A.                   SECTION "F"

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

This case arises out of the foreclosure of the plaintiff's home for nonpayment of a promissory note.  The plaintiff asserts the following allegations in her complaint:

After her house was damaged by Hurricane Katrina, Ellen Belchic Hutchinson took out a loan from Chase Bank, N.A. to fund the necessary repairs.  In April 2007, Hutchinson executed a promissory note payable to Chase in the principal amount of $154,000, secured by a mortgage on the house.  Hutchinson regularly made payments on the note through January 2010.

In June 2010, Chase filed a Petition for Executory Process against Hutchinson in the Civil District Court for the Parish of Orleans, instituting foreclosure proceedings and alleging that Hutchinson had failed to make payments on the promissory note since January 2010.  After receiving notice of the foreclosure proceedings, Hutchinson began negotiating with Chase through her

1

accountant, Bobby Matthews, in an attempt to bring her payments current, reinstate the promissory note, and stop the foreclosure proceedings.

In September 2012, Chase provided Matthews with a "Reinstatement Quote," which stated that the amount due to reinstate the loan was $26,497.87. That same day, Matthews wired that full amount to Chase; however, Chase returned the funds to Hutchinson's checking account. A few days later, Matthews again wired the full amount to Chase, and Chase again returned the payment.

Throughout September, October, November, and December 2012, Matthews corresponded with Chase on behalf of Hutchinson, attempting to resolve the matter. However, on December 13, 2012, without prior notice to Hutchinson, her house was sold at a Sheriff's sale for $155,000. Upon discovering the sale, Hutchinson immediately repurchased the house from the buyer for $185,000.

In January 2013, Hutchinson filed suit in state court against Chase, asserting that she was entitled to damages including but not limited to the repurchase price of the house. Hutchinson alleged various claims, including negligence, detrimental reliance, and violations of various federal statutes including 15 U.S.C.A. §§ 45 and 1639(f), and 12 C.F.R. pt. 30, app. C. In August 2013, Chase removed the case to this Court, invoking both federal question and diversity jurisdiction.

In September 2013, Hutchinson filed this motion to remand, conceding that she and Chase are of diverse citizenship but contending that the amount in controversy does not exceed $75,000, and also contending that no federal question jurisdiction exists because she is withdrawing her federal claims.  Attached to the motion to remand is a binding stipulation executed by Hutchinson in which she expressly waives the right to recover any amount in excess of $75,000.  Hutchinson also filed an ex parte motion to dismiss her federal claims with prejudice, which the Court granted, and a first amended complaint, which alleges state law claims only. Chase opposes the motion to remand, contending that diversity jurisdiction was clearly established as of the date of removal, and alternatively, that the Court should exercise supplemental jurisdiction over Hutchinson's state law claims even though her federal claims have been dismissed.

I.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case—that is, if the plaintiff could have brought the action in federal court from the outset.  See 28 U.S.C. § 1441(a).  Although the plaintiff in this case challenges removal, the removing defendant carries the burden of showing the propriety of this Court's jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).  The Court has federal question

3

jurisdiction over "all civil actions under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Court has diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law prohibits a plaintiff from petitioning for a specified amount of damages.  La. Code Civ. P. art. 893(A)(1). Plaintiff's petition, in conformity with Louisiana law, does not explicitly state the amount of damages sought in this case.

When a plaintiff has alleged an indeterminate amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); see also De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The defendant satisfies this burden by: (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

4

If the defendant meets this burden, the plaintiff can defeat removal only by establishing to a legal certainty that the amount in controversy is less than $75,000.  De Aguilar, 47 F.3d at 1411. The Fifth Circuit has instructed that this burden may be satisfied where for example a state statute prohibits recovery in excess of $75,000, or where the plaintiff has filed a binding affidavit or stipulation with her original complaint affirming that she will not accept damages in excess of $75,000.  Id. at 1412; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").  Post-removal affidavits or stipulations may be considered only if the amount in controversy was ambiguous at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

Here, Hutchinson first challenges the Court's diversity jurisdiction.  Because Hutchinson concedes that she and Chase are diverse, the only dispute is whether the amount-in-controversy requirement is met.  In her original petition, Hutchinson specifically asked for damages "including but not limited to the [re]purchase price of the Property and all fees associated therewith," and she specifically alleged that purchase price was $185,000.  Because it is facially apparent that the claimed damages at the time allegedly exceeded $75,000, Hutchinson's post-removal

stipulation for damages less than $75,000 is untimely and, therefore, irrelevant and will not divest the Court of jurisdiction.  See Gebbia, 233 F.3d at 883.

This Court has diversity jurisdiction which cannot be divested on the record facts.  It therefore need not address the issues of federal question and supplemental jurisdiction in order to determine that removal was proper.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, October 21, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE