UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELLEN BELCHIC HUTCHINSON                        CIVIL ACTION

v.                                              13-5513

JPMORGAN CHASE BANK, N.A.                       SECTION "F"

ORDER AND REASONS

Before the Court is defendant's partial motion to dismiss under Rule 12(b)(6). For the reasons that follow, the motion is GRANTED.

Background

This case arises out of the foreclosure of plaintiff's home for nonpayment of a promissory note. Plaintiff asserts the following allegations in her complaint:

After her house was damaged by Hurricane Katrina, Ellen Belchic Hutchinson took out a loan from JPMorgan Chase Bank, N.A. to fund the necessary repairs. In April 2007, Hutchinson executed a promissory note payable to Chase in the principal amount of $154,000, secured by a mortgage on the house. Hutchinson regularly made payments on the note through January 2010.

In June 2010, Chase filed a Petition for Executory Process against Hutchinson in the Civil District Court for the Parish of Orleans, instituting foreclosure proceedings and alleging that Hutchinson had failed to make payments on the promissory note after January 2010. After receiving notice of the foreclosure

1

proceedings, Hutchinson began negotiating with Chase through her accountant, Bobby Matthews, in an attempt to bring her payments current, reinstate the promissory note, and stop the foreclosure proceedings.

In September 2012, Chase provided Mr. Matthews with a "Reinstatement Quote," which stated that the amount due to reinstate the loan was $26,497.87.  That same day, Matthews wired that full amount to Chase; however, Chase returned the funds to Hutchinson's checking account.  A few days later, Matthews again wired the full amount to Chase, and Chase again returned the payment.

Throughout September, October, November, and December 2012, Matthews corresponded with Chase on behalf of Hutchinson, attempting to resolve the matter.  However, on December 13, 2012, without prior notice to Hutchinson, her house was sold at a Sheriff's sale for $155,000.  Upon discovering the sale, Hutchinson immediately repurchased the house from the buyer for $185,000.

In January 2013, Hutchinson filed suit in state court against Chase, alleging both federal and state law claims.  In August 2013, Chase removed the case to this Court, invoking both federal question and diversity jurisdiction.  Hutchinson then amended her complaint to include only claims of negligence,[1] material

---

[1] Hutchinson's amended complaint asserts two negligence claims:  one based on Chase's alleged returns of payments, and another predicated on the discussions of the parties occurring

misrepresentation, and detrimental reliance.  Chase now moves to dismiss for failure to state a claim under Rule 12(b)(6).[2]

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations."  Id. at 678.  Assuming the veracity of the

---

after the allegedly returned reinstatement payments.

[2] Chase moves to dismiss all of Hutchinson's claims except for her claim of negligence based on the alleged returns of payments.

3

well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the

4

'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

II.

The Louisiana Credit Agreement Statute, La. R.S. 6:1121, *et seq.*, operates as a "statute of frauds" for the credit industry. King v. Parish Nat'l Bank, 885 So. 2d 540, 546 (La. 2004). Its purpose is "to prevent potential borrowers from bringing claims against lenders based on oral agreements." Jesco Const. Corp. v. Nationsbank Corp., 830 So. 2d 989, 992 (La. 2002). La. R.S. 6:1122 provides: "A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses

consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor."  La. R.S. 6:1121 defines a "credit agreement" as "an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or to make any other financial accommodation."

Chase contends that Hutchinson's claims are based on an alleged oral forbearance agreement.  Because Hutchinson fails to allege that the forbearance agreement was committed to a writing signed by both parties, her claims are barred by La. R.S. 6:1122.  The Court agrees.  Hutchinson's claims are based on her allegation that Chase agreed to reinstate her promissory note and suspend foreclosure efforts or otherwise forbear collection on the account.  Such an agreement is plainly a "credit agreement," as defined by La. R.S. 6:1121, and Hutchinson's claims are therefore barred by La. R.S. 6:1122.  See, e.g., Loraso v. JP Morgan Chase Bank, N.A., No. 13-4734, 2013 WL 5755638, at *6-*7 (E.D. La. Oct. 23, 2013)(oral promise to modify, forbear, or refinance a loan not enforceable); Bass v. Chase Home Fin., LLC, No. 09-3339, 2010 WL 3922709, at *3 (E.D. La. Oct. 1, 2010)(oral agreement to modify mortgage loan through a short sale not enforceable).

Hutchinson's claims are barred notwithstanding the fact that she has framed her claims as sounding in negligence, material misrepresentation, and detrimental reliance.  "The Louisiana Credit Agreement Statute precludes all actions for damages arising from

oral credit agreements, regardless of the legal theory of recovery asserted."  Jesco, 830 So. 2d at 992.

Although Hutchinson argues that her agreement with Chase is evidenced by writings, including email correspondence and a written Reinstatement Quote, there is nothing in her complaint noting that the agreement itself was in writing, expressing consideration, setting forth the relevant terms and conditions, and was signed by both her and Chase.  La. R.S. 6:1122.  Hutchinson quite simply fails to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678.

Accordingly, Chase's partial motion to dismiss is GRANTED.

New Orleans, Louisiana, December 11, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE